UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

SCOTT BLEVINS,

                    Plaintiff,                              Case No. 2:17-cv-185

v.                                                          Honorable Paul L. Maloney

JOSEPH NAEYAERT et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the

Court is required to dismiss any prisoner action brought under federal law if the complaint is

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C.

§ 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*,

404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly

irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these

standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against

Defendants Hoover, Miles, Bauman, Washington, Civil Service Commission, Michigan

Department of Civil Rights, Snyder, Schuette, L. Mattson, and Unknown Parties named as "All

Nurses & Physician's Assistants Health Care at Alger Correctional Facility."  The Court will serve

the complaint against Defendants Naeyaert, Salo, K. Mattson, Cobb, Brennan, and Kurth.

## **Discussion**

### I.     **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Michigan. The events about which he complains, however, occurred at the Alger Correctional Facility (LMF) in Munising, Michigan. Plaintiff sues Defendants Joseph Naeyaert, Prison Counselor Unknown Hoover, Prison Counselor Unknown Salo, Officers K. Mattson, Unknown Cobb, Unknown Brennan, Unknown Miles, Warden Catherine Bauman, MDOC Director Heidi E. Washington, Officer Unknown Kurth, Civil Service Commission, Michigan Department of Civil Rights, Governor Rick Snyder, Michigan Attorney General Bill Schuette, Law Library Supervisor L. Mattson, and Unknown Parties named as "All Nurses & Physician's Assistant; Health Care at Alger Correctional Facility."

Plaintiff alleges that he is transgender and that while he was confined at LMF, he was repeatedly threatened by inmates in Cedar Unit, including his roommate. Plaintiff further states that he was forced to prostitute himself for several gang members in the unit. Plaintiff states that he requested protection from Defendants Naeyaert, Salo, K. Mattson, Cobb, Brennan, and Kurth, who either ignored him or ridiculed him. Plaintiff alleges that Defendant Miles harassed him and, on one occasion, threw his food on the floor of his cell so that he could not eat it. Plaintiff further alleges that Defendants Hoover and L. Mattson denied him envelopes, copies, and carbon paper, which interfered with Plaintiff's ability to access the courts. Finally, Plaintiff claims that he sent complaints to the remaining Defendants, to no avail.

Plaintiff claims that Defendants' conduct violated his rights under the First and Eighth Amendments. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants Hoover and L. Mattson interfered with his ability to access the courts in violation of the First Amendment. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

In order to succeed on a First Amendment access to courts claim, an inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)). Plaintiff has failed to allege any specific facts showing that he was actually prejudiced in pending or contemplated litigation. Therefore, his First Amendment claims against Defendants Hoover and L. Mattson are properly dismissed.

Plaintiff claims that Defendant Miles harassed him and threw food on his floor on one occasion. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The inability to eat a single meal because it was thrown on the floor does not rise to the level of cruel and unusual punishment. Moreover, the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the

Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Miles.

Plaintiff also claims that Defendants Naeyaert, Salo, K. Mattson, Cobb, Brennan, and Kurth violated his Eighth Amendment rights when they failed to protect him from threats of violence by other inmates, which placed Plaintiff in a position where he had to "prostitute" himself. Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.") The Court concludes that Plaintiff's Eighth Amendment claims against Defendants Naeyaert, Salo, K. Mattson, Cobb, Brennan, and Kurth are not frivolous and are not properly dismissed on initial screening.

Plaintiff fails to allege any specific facts with regard to Defendants Unknown Parties named as "All Nurses & Physician's Assistant; Health Care at Alger Correctional Facility." In addition, Plaintiff's only claims against Defendants Bauman, Washington, Civil Service Commission, Michigan Department of Civil Rights, Snyder, and Schuette are that they failed to take action after he filed grievances and sent letters of complaint to them. Government officials

may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Unknown Parties named as "All Nurses & Physician's Assistant; Health Care at Alger Correctional Facility," Bauman, Washington, Civil Service Commission, Michigan Department of Civil Rights, Snyder, and Schuette engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Hoover, Miles, Bauman, Washington, Civil Service Commission, Michigan Department of Civil Rights, Snyder, Schuette, L. Mattson, and Unknown Parties named as "All Nurses & Physician's Assistants Health Care at Alger Correctional Facility" will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42

U.S.C. § 1997e(c).  The Court will serve the complaint against Naeyaert, Salo, K. Mattson, Cobb, Brennan, and Kurth.

An Order consistent with this Opinion will be entered.


Dated:   April 17, 2018                         /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge